UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) | |
|     Plaintiff, ) | Case No. 2011 CV 4307 |
| v. ) | |
| ) | Assigned Judge: Harry D. Leinenweber |
| MYRON LEGG, individually and as an officer ) | |
| director shareholder and/or principal of Home ) | Magistrate Judge: Susan E. Cox |
| Stretch Inn, Inc., d/b/a/ Home Stretch Inn, ) | |
|     Defendant. ) | |

**ANSWER TO PLAINTIFF'S COMPLAINT AT LAW**

Defendants, Myron Legg and Home Stretch Inn, Inc. d/b/a Home Stretch Inn, by and through their attorney, provide the following answers to Plaintiff's complaint, and therefore allege as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction under 28 U.S.C. §1331 (federal questions), as this civil action is brought pursuant to 47 U.S.C. §553 and 605.

ANSWER: The Defendants admit the allegations of Paragraph 1, upon information and belief based upon the allegations in the Complaint.

2. This Court has personal jurisdiction over the parties to this action as a result of Defendants' wrongful acts, complained of herein, which violated Plaintiff's rights as the exclusive domestic commercial distributor of the transmission signal of the fight program as hereinafter set forth in length. Defendants' wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition and tortuous conversion of Plaintiff's property, while said property was in the Plaintiff's control in the State of Illinois.

ANSWER: The Defendants admit the allegations of Paragraph 2, upon information

and belief based upon the allegations in the Complaint.

    3.    Upon information and belief, venue is proper in the Northern District of Illinois, pursuant to 28 U.S.C. §1391(b) because, interalia, all Defendants reside within the State of Illinois and / or a substantial part of the events or omissions giving rise to the claim occurred in this District.

    ANSWER:    The Defendants admit the allegations of Paragraph 3, upon information and belief based upon the allegations in the Complaint.

## THE PARTIES

    4.    The Plaintiff, Joe Hand Promotions, Inc., is a Pennsylvania corporation with its principal place of business located at 407 East Pennsylvania Avenue, Feasterville, Pennsylvania 19053.

    ANSWER:    The Defendants admit the allegations of Paragraph 4, upon information and belief based upon the allegations in the Complaint.

    5.    Upon information and belief, Defendant, MYRON LEGG, resides in the State of Illinois.

    ANSWER:    The Defendants admit the allegations of Paragraph 5 of the Complaint.

    6.    Upon information and belief, Defendant, MYRON LEGG, is an officer, director, shareholder and / or principal of HOME STRETCH INN, INC. d/b/a HOME STRETCH INN.

    ANSWER:    The Defendants admit the allegations of Paragraph 6 of the Complaint.

    7.    Upon information and belief, Defendant, MYRON LEGG, was the individual with supervisory capacity and control over the activities occurring within the establishment on August 28, 2010.

    ANSWER:    The Defendants admit the allegations of Paragraph 7 of the Complaint.

8. Upon information and belief, Defendant, MYRON LEGG, received a financial benefit from the operations of HOME STRETCH INN, INC. d/b/a HOME STRETCH INN, on August 28, 2010.

ANSWER: The Defendants deny the allegations of Paragraph 8 of the Complaint.

9. Upon information and belief, Defendant, HOME STRETCH INN, INC. d/b/a HOME STRETCH INN, is a business entity, the exact nature of which is unknown, having its principal place of business at 2222 N. River Road, River Grove, Illinois 60171.

ANSWER: The Defendants admit the allegations of Paragraph 9 of the Complaint.

10. Upon information and belief, Defendant, HOME STRETCH INN, INC. d/b/a HOME STRETCH INN, is a Domestic Corporation, incorporated and licensed to do business in the State of Illinois.

ANSWER: The Defendants admit the allegations of Paragraph 10 upon information and belief based upon the allegations in the Complaint.

11. Upon information and belief, Defendant, HOME STRETCH INN, INC. d/b/a HOME STRETCH INN, is a partnership licensed to do business in the State of Illinois.

ANSWER: The Defendants deny the allegations of Paragraph 11 of the Complaint.

12. Upon information and belief, Defendant, HOME STRETCH INN, INC. d/b/a HOME STRETCH INN, is a sole proprietorship licensed to do business in the State of Illinois.

ANSWER: The Defendants deny the allegations of Paragraph 12 of the Complaint.

**COUNT I VIOLATION OF TITLE 47 U.S.C. §605**

13. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs " 1 " through " 12 ", inclusive, as though set forth herein at length.

ANSWER: The Defendants hereby incorporate by reference all of the answers

contained in paragraphs "1 through 12," inclusive, as though set forth fully herein.

14. By contract, Plaintiff was granted the right to distribute the UFC118: Edgar v. Penn 2 Broadcast, including all under card bouts and the entire television broadcast, scheduled for August 28, 2010 (hereinafter referred to as the " Broadcast " ), via closed circuit television and via encrypted satellite signal. The Broadcast originated via satellite up link, and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

ANSWER: Paragraph 14 makes no allegations against these Defendants, and the Defendants make no response to Paragraph 14 but demand strict proof of Plaintiff's allegations alleged in Paragraph 14 of the Complaint or in the alternative, the Defendants deny the allegation of Paragraph 14 of the Complaint.

15. Pursuant to the contract, Plaintiff entered into subsequent agreements with various entities of the State of Illinois, allowing them to publicly exhibit the Broadcast to their patrons.

ANSWER: Paragraph 15 makes no allegations against these Defendants, and the Defendants make no response to Paragraph 15 but demand strict proof of Plaintiff's allegations alleged in Paragraph 15 of the Complaint or in the alternative, the Defendants admit the allegation of Paragraph 15 of the Complaint.

16. In consideration of the aforementioned agreements, Plaintiff expended substantial monies to transmit the Broadcast to those entities in the State of Illinois.

ANSWER: Paragraph 16 makes no allegations against these Defendants, and the Defendants make no response to Paragraph 16 but demand strict proof of Plaintiff's allegations alleged in Paragraph 16 of the Complaint or in the alternative, the Defendants deny the allegation of Paragraph 16 of the Complaint.

17. Upon information and belief, with full knowledge that the Broadcast was not to be

received and exhibited by entities unauthorized to do so, Defendants and / or their agents, servants, workmen and / or employees unlawfully intercepted, received and / or de-scrambled said satellite signal, and did exhibit the Broadcast at the above-captioned address and / or addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

      ANSWER:    The Defendants admit that they exhibited the Broadcast at the above captioned address but deny the allegations and conclusions alleged in Paragraph 17 of the Complaint. Affirmatively, Defendants state that they paid a fee to "Dish Network" to exhibit the Broadcast and it was Defendants' rational belief that "Dish Network" was an entity described in paragraph 15 of the Complaint who Plaintiff allowed to distribute the Broadcast to Defendants.

      18.    Upon information and belief Defendants and / or their agents, servants, workmen and / or employees used an illegal satellite receiver, intercepted Plaintiff's signal and /or used a device to intercept Plaintiff's Broadcast, which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems. There are multiple illegal methods of accessing the Broadcast, including, (1) splicing an additional coaxial cable line or redirecting a wireless signal from an adjacent residence into a business establishment; (2) commercial establishments misusing cable or satellite by registering same as a resident when it is, in fact, a business; or (3) taking a lawfully obtained box or satellite receiver from a private residence into a business. In addition, emerging technologies, such as broadband or internet broadcast, as well as "slingbox" technology (which allows a consumer to literally sling the Broadcast from his personal home cable or satellite systems into his computer), can allow commercial misuse of residential broadcasting feeds through the internet from any where in the world. Each of these methods would allow Defendants to access the Broadcast unlawfully.

Prior to Discovery, Plaintiff is unable to determine the manner in which Defendants obtained the Broadcast. However, it is logical to conclude that Defendants, either used an illegal satellite receiver, misrepresented its business establishment as a residence, or removed an authorized residential receiver from one location to a different commercial location to intercept Plaintiff's Broadcast.

    ANSWER:    The Defendants deny the allegations and conclusions alleged in Paragraph 18 of the Complaint.

    19.    47 U.S.C. §605(a) prohibits the unauthorized reception and publication or use of communications such as the transmission herein, to which Plaintiff held the distribution rights.

    ANSWER:    The Defendants neither admit nor deny the allegations alleged in Paragraph 19 as the Complaint as 47 U.S.C. §605(a) is law and as such speaks for itself.

    20.    By reason of the aforementioned conduct, Defendants herein willfully violated 47 U.S.C. §605(a).

    ANSWER:    The Defendants deny the allegations and conclusions alleged in Paragraph 20 of the Complaint.

    21.    By reason of Defendants' violation of 47 U.S.C. §605(a), Plaintiff has a private right of action pursuant to 4 7U.S.C. §605.

    ANSWER:    The Defendants deny the allegations and conclusions alleged in Paragraph 21 of the Complaint.

    22.    As a result of Defendants' willful violation of 47 U.S.C. §605(a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. §605(e)(3)(C)(i)(II) and (ii), of up to the maximum amount of $110,000.00 as to each Defendant herein.

    ANSWER:    The Defendants deny the allegations and conclusions alleged in Paragraph

22 of the Complaint.

23. Pursuant to 47 U.S.C. §605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

ANSWER: The Defendants deny the allegations and conclusions alleged in Paragraph 23 of the Complaint.

WHEREFORE, the Defendants, Myron Legg and Home Stretch Inn, Inc. d/b/a Home Stretch Inn, pray that this Honorable Court dismiss this Count I and tax costs incurred by the Defendants against the Plaintiff.

## COUNT II VIOLATION OF TITLE 47 U.S.C. §553

24. Plaintiff hereby incorporates paragraphs " 1 " through " 23 ", inclusive, as though fully set forth herein at length.

ANSWER: The Defendants hereby incorporate by reference all of the answers contained in paragraphs "1 through 23," inclusive, as though set forth fully herein.

25. Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, Defendants and / or its agents, servants, workmen and or employees did exhibit the Broadcast at the above-captioned address or addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

ANSWER: The Defendants admit that they exhibited the Broadcast at the above captioned address but deny the allegations and conclusions alleged in Paragraph 25 of the Complaint. Affirmatively, Defendants state that they paid a fee to "Dish Network" to exhibit the Broadcast and it was rational Defendants' belief that "Dish Network" was an entity described in paragraph 15 of the Complaint who Plaintiff allowed to distribute the Broadcast to Defendants.

26. 47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system, such as the transmission herein, to which Plaintiff had the distribution rights.

ANSWER: The Defendants neither admit nor deny the allegations alleged in Paragraph 26 as the Complaint as 47 U.S.C. §553 is law and as such speaks for itself.

27. Upon information and belief, Defendants individually, willfully and illegally intercepted said Broadcast when it was distributed and shown by cable television systems.

ANSWER: The Defendants deny the allegations and conclusions alleged in Paragraph 27 of the Complaint.

28. By reason of the aforementioned conduct, Defendants herein willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

ANSWER: The Defendants deny the allegations and conclusions alleged in Paragraph 28 of the Complaint.

29. As a result of Defendants' violation of 47 U.S.C. §553, Plaintiff is entitled to damages in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

ANSWER: The Defendants deny that the Plaintiff is entitled to damages as is alleged in Paragraph 29 of the Complaint.

30. With out further Discovery from and /or admission by Defendants, Plaintiff cannot determine if Defendants intercepted Plaintiff's signal via a cable system, in violation of 47 U.S.C. §553, or via a satellite transmission, in violation of 47 U.S.C. §605. As such, Plaintiff is alleging two (2) counts in its Complaint. Plaintiff recognizes that Defendants can be liable for only (1 ) of these statutes.

ANSWER: No answer is required as Plaintiff is making a statement as to its belief in Paragraph 30.

WHEREFORE, the Defendants, Myron Legg and Home Stretch Inn, Inc. d/b/a Home Stretch Inn, pray that this Honorable Court dismiss this Count II and tax costs incurred by the Defendants against the Plaintiff.

### COUNT III  CONVERSION

31. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs1-30, inclusive, as though set forth herein at length.

ANSWER: The Defendants hereby incorporate by reference all of the answers contained in paragraphs "1 through 30," inclusive, as though set forth fully herein

32. By its acts as aforesaid in intercepting, exhibiting, publishing, and divulging the Broadcast at the above-captioned address, the aforementioned Defendants, tortuously obtained possession of the Program and wrongfully converted it to its own use and benefit.

ANSWER: The Defendants deny the allegations and conclusions alleged in Paragraph 32 of the Complaint.

33. The aforesaid acts of the Defendants were willful, malicious, and intentionally designed to harm Plaintiff Joe Hand Promotions, Inc., and to subject said Plaintiff to economic distress.

ANSWER: The Defendants deny the allegations and conclusions alleged in Paragraph 33 of the Complaint.

34. Accordingly, Plaintiff Joe Hand Promotions, Inc. is entitled to both compensatory, as well as punitive damages, from the aforementioned Defendants as the result of the Defendants' egregious conduct and conversion.

ANSWER: The Defendants deny the allegations and conclusions alleged in Paragraph 34 of the Complaint.

WHEREFORE, the Defendants, Myron Legg and Home Stretch Inn, Inc. d/b/a Home Stretch Inn, pray that this Honorable Court dismiss this Count III and tax costs incurred by the Defendants against the Plaintiff.

Respectfully Submitted,

MYRON LEGG and HOME STRETCH INN, INC.

/s/ James J. Macchitelli

James J. Macchitelli (Atty # 6208773)
Attorney for Defendants
1051 Perimeter Drive, Suite 400
Schaumburg, Illinois 60173
(847) 414-4532 / (847) 890-6457 (fax)
jimmymacc@aol.com

### CERTIFICATE OF SERVICE

I, James J. Macchitelli, Attorney for Defendants, hereby certify that on October 13, 2011, I filed Defendants' Answer and as such Plaintiff's attorneys were served via Electronic Case Filing (ECF).

/s/ James J. Macchitelli